This decision of the New Mexico Court of Appeals was not selected for publication in the New Mexico Appellate Reports. Refer to Rule 12-405 NMRA for restrictions on the citation of unpublished decisions. Electronic decisions may contain computer-generated errors or other deviations from the official version filed by the Court of Appeals.

## IN THE COURT OF APPEALS OF THE STATE OF NEW MEXICO

No. A-1-CA-41509

SYLVIA ADELE RIFFLE and
ANTHONY LOUIS BONAGUIDI,

      Plantiffs-Appellants,

v.

DOMNICK CODY RIFFLE a/k/a
DOMINICK CODY RIFFLE;
JAMES J. MASON; MASON &
ISAACSON, P.A.; BRITTANY LUJAN;
and UNKNOWN PERSONS 1
THROUGH 100,

      Defendants-Appellees.

**APPEAL FROM THE DISTRICT COURT OF MCKINLEY COUNTY**
Sarah V. Weaver, District Court Judge

Law Offices of William G. Stripp
William G. Stripp
Ramah, NM

for Appellants

Moses, Farmer, Glenn, Gutierrez & Werntz, P.C.
Joseph L. Werntz
Albuquerque, NM

for Appellee Dominick Cody Rifle

### MEMORANDUM OPINION

**BOGARDUS, Judge.**

**{1}** Plaintiffs appeal the district court's order granting Defendant's motion for judgment on the pleadings. In this Court's notice of proposed disposition, we proposed to summarily affirm. Plaintiffs filed a memorandum in opposition, which we have duly considered. Remaining unpersuaded, we affirm.

**{2}** In the memorandum in opposition, Plaintiffs maintain that the district court erred in concluding that the challenge to the revocable trust should be determined in the parallel probate proceeding, rather than via the separate civil action in the instant case. [MIO 2] Plaintiff has failed, however, to assert any new facts, law, or argument that persuade this Court that our notice of proposed disposition was erroneous. *See Hennessy v. Duryea*, 1998-NMCA-036, ¶ 24, 124 N.M. 754, 955 P.2d 683 ("Our courts have repeatedly held that, in summary calendar cases, the burden is on the party opposing the proposed disposition to clearly point out errors in fact or law."); *State v. Mondragon*, 1988-NMCA-027, ¶ 10, 107 N.M. 421, 759 P.2d 1003 (stating that a party responding to a summary calendar notice must come forward and specifically point out errors of law and fact, and the repetition of earlier arguments does not fulfill this requirement), *superseded by statute on other grounds as stated in State v. Harris*, 2013-NMCA-031, ¶ 3, 297 P.3d 374. Plaintiff's continued references to the general statutory scheme pertaining to revocable trusts do not convince us that *Wilson v. Fritschy*, 2002-NMCA-105, ¶ 27, 132 N.M. 785, 55 P.3d 997, is inapplicable to the instant case. *See Corona v. Corona*, 2014-NMCA-071, ¶ 26, 329 P.3d 701 ("The appellate court presumes that the district court is correct, and the burden is on the appellant to clearly demonstrate that the district court erred.").

**{3}** Accordingly, for the reasons stated in our notice of proposed disposition and herein, we affirm.

**{4}    IT IS SO ORDERED.**

**KRISTINA BOGARDUS, Judge**

**WE CONCUR:**

**GERALD E. BACA, Judge**

**KATHERINE A. WRAY, Judge**